UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID TRUJILLO AGUILAR, | No. 2:24-cv-00292 DJC AC |
| Petitioner, | |
| v. | ORDER |
| GISELLE MATTESON, | |
| Respondent. | |

Petitioner is a state prisoner proceeding through counsel in this habeas corpus action filed pursuant to 28 U.S.C. § 2254. Currently pending before the court is respondent's motion to dismiss as well as petitioner's request for a stay and abeyance. ECF Nos. 9, 10. Respondent does not oppose petitioner's request for a stay of this matter. ECF No. 11.

I. Factual and Procedural History

Following a jury trial in the Stanislaus County Superior Court, petitioner was convicted of first degree murder and two counts of attempted premeditated murder. ECF No. 1. On July 9, 2018, petitioner was sentenced to 35 years to life in prison to be served consecutive to two terms of 13 years to life on each of the attempted murder counts. ECF No. 1.

On direct appeal, the California Court of Appeal reversed one count of attempted murder based on misleading and confusing jury instructions on the kill zone theory of intent, but otherwise affirmed petitioner's conviction and sentence. See ECF No. 8-20 (Direct Appeal

1  Opinion).  The California Supreme Court denied a petition for review on February 16, 2022.  ECF
2  No. 8-24.
3        On remand to the trial court, petitioner's attempted murder conviction on count 2 was
4  vacated and the original sentence on the additional two counts remained the same.  ECF Nos. 8-
5  21, 8-22 (Minute Orders).
6        On November 3, 2023, petitioner filed a state habeas petition in the California Supreme
7  Court for the purpose of exhausting his state court remedies.  ECF No. 8-25.  That collateral
8  proceeding remains pending.  See ECF No. 1 at 4.
9        On January 23, 2024, counsel filed the instant § 2254 petition raising seven claims for
10 relief including four which were exhausted on direct appeal, and three which remain pending in
11 the state collateral proceeding.  ECF No. 1.  Petitioner seeks a stay and abeyance of this action
12 pursuant to Rhines v. Weber, 544 U.S. 269 (2005), so that he may exhaust claims five through
13 seven in the California Supreme Court.  ECF No. 10.
14       Respondent filed a motion to dismiss the § 2254 petition on the basis that it is a mixed
15 petition containing both exhausted and unexhausted claims for relief.  ECF No. 9.
16     II.    Legal Standards
17       A. Exhaustion of State Court Remedies
18       The exhaustion of state court remedies is a prerequisite to the granting of a petition for
19 writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  A petitioner satisfies the exhaustion requirement
20 by providing the highest state court with a full and fair opportunity to consider each habeas claim
21 before presenting it to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton
22 v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).  The prisoner must "fairly present" both the
23 operative facts and the federal legal theory supporting his federal claim to the state's highest
24 court, "thereby alerting that court to the federal nature of the claim."  Baldwin v. Reese, 541 U.S.
25 27, 29 (2004); see Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003), overruled on other
26 grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007).  The United States Supreme Court
27 has held that a federal district court may not entertain a petition for habeas corpus unless the
28 petitioner has exhausted state remedies with respect to each of the claims raised.  Rose v. Lundy,

455 U.S. 509 (1982) (establishing the total exhaustion rule).

### B. Stay and Abeyance

The federal habeas court may stay a mixed federal habeas petition if petitioner demonstrates (1) good cause for the failure to previously exhaust the claims in state court, (2) the claims at issue potentially have merit, and (3) petitioner has been diligent in pursuing relief. See Rhines v. Weber, 544 U.S. at 278; see also Leonardos v. Buddress, 2007 WL 1174825, at *3, 2007 U.S. Dist. LEXIS 32411 (N.D. Cal. Apr. 19, 2007) (recognizing that filing for state post-conviction relief before initiating federal habeas proceedings weighs in favor of establishing good cause for a stay and abeyance). If petitioner fails to establish any of these three factors, then a Rhines stay is not appropriate.

## III.   Discussion

In this case, the court finds and the parties agree that petitioner meets the three-part test for a stay and abeyance pursuant to Rhines. Counsel for petitioner submitted a declaration establishing good cause for the failure to exhaust claims five through seven on direct appeal, the unexhausted claims have potential merit[1], and petitioner has been diligent in pursuing relief as evidenced by his pending collateral relief petition in the California Supreme Court. For these reasons, the court denies the motion to dismiss and grants petitioner's request for a stay of these proceedings pending the exhaustion of his state court remedies for claims five through seven.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss (ECF No. 9) is denied.

2. Petitioner's request for a stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005), is granted.

3. The Clerk of Court is directed to administratively stay this case.

4. Counsel for petitioner is directed to file a notice of exhaustion and a motion to lift the

---

[1] See Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017) (explaining that unless "it is perfectly clear that the petitioner has no hope of prevailing" in state court, an unexhausted claim meets the standard for having potential merit)(citing Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005).

3

stay within 30 days from the date of the decision by the California Supreme Court on petitioner's pending state collateral proceeding.

DATED: September 26, 2024

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE